We understand there's a settlement in the workshare? Yes, Judge Kaczynski, on last Thursday a... I'm sorry, who are you? I'm Herbert Ray with Keisler, Young & Logan, representing the appellants Regal Stone Limited and Fleet Management. Last Thursday, an agreement was reached on the outlines of a settlement between the appellants, the State of California and the United States. However, the agreement is oral. It hasn't been reduced to writing. Because it involves the settlement of claims for natural resource damages, the process of settling those claims requires public notice and requires court approval. And that process, I understand... I'm sorry, what court? Our court? The district court would have to approve the settlement. And my understanding is the best estimate of the time it will take to do that is about nine months, to have that whole process followed. In addition, it requires the approval of principals who haven't actually signed off on the deal. And so we wanted to be candid with the court that if there is a settlement pending, it's not we're not at a stage where we can dismiss this appeal. We don't know how you want to proceed. You are here, so we are ready to go forward with the argument. You gave us some notice of this, but then nobody got back to us. We could have perhaps saved you the trip to the courthouse, but you never got back to us in time for us to come in order. Our inclination is to simply defer submission on the case. One concern I have is that if we ask enough questions, we might sort of muck up the settlement. We'd have to be awful careful. By asking a question that suggests which way we might come out. Well, it's unlikely that would happen. I think lawyers sometimes read our questions, but nevertheless. Is there any reason we shouldn't just defer submission? Or let's say the settlement is completed. We don't have to remand to the district court for its approval. We would simply dismiss the appeal of this small. This is a small portion of the underlying case. Oh, I see. Lots of different claims, and this was a distinct. So you couldn't do what you need to do in district court without a remand from us? I believe that's correct, Your Honor. I see. We would simply notify the court we were dismissing our appeal. How long is it going to be before you'll know that you've gone through all the process? Well, again, I wasn't involved in the direct discussions, but my understanding is that people are estimating the best, the fastest it would occur is nine months. It could take longer than that. Longer than what? How much time? Nine months. It requires a consent decree. Nine months? Maybe it requires the publication of the... Well, maybe we ought to just defer consideration of the argument until further notice from you people, and we could maybe then reset if we had to. We're amenable to what the Court wants to do. We understand that you're here. You're prepared for the oral argument. If you want to have it, we'll have it. If you want to defer it, we can defer it. Yeah, but then we've got to try to remember it nine months from now. Yeah, maybe in nine months you can get back to us one way or the other. If that's what the Court... So for some reason or sooner if things totally fall apart, which we're sure they won't. However the Court wants to proceed is fine with us. Well, we'll then defer submission and... Defer argument, I guess. We might have argument in this case. We might have argument. If we decide to submit later, we can decide that. And then what we'll do is defer submission for nine months. And if the nine months comes along and you need more time, the parties can then file a joint motion for extension of the time or giving us a status report. Why don't we do that? Why don't we ask for defer submission process for nine months with a requirement that the case is still pending at that time. The parties file a status report letting us know where things stand and then we can decide how to deal with it at that point. Does that sound acceptable? Yes, it's acceptable. That's acceptable to the appellants. Okay. So we'll defer submission for nine months and then we can reconsider the question of whether we need argument or whether... Thank you, Your Honors. Maybe I'll come down to San Diego if the case has to be argued. I always love going to San Diego. My colleagues live there. We won't have any trouble getting back together if that's what's needed. But we are confident that counsel will work this out. Okay, thank you. Again, we would have saved your trip to the courthouse if sometime this afternoon somebody had let us know, we could have saved you. I'm sorry that you've taken the time. We just didn't know. Okay, thank you. We are adjourned.
judges: Kozinski, Thompson, McKeown